UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-22534-CIV-SEITZ/SIMONTON

COMMODORE PLAZA CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

QBE INSURANCE CORPORATION and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    Defendants.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Travelers Casualty and Surety Company of America's Motion for Final Summary Judgment [DE-18]. Plaintiff's complaint alleges a single claim against Defendant Travelers Casualty and Surety Company of America (Travelers) for breach of contract based on Travelers' failure to defend Plaintiff in a lawsuit filed against Plaintiff. Travelers moves for summary judgment declaring that it had no duty to defend under the relevant insurance policy. Because all of the claims in the underlying lawsuit are covered by a policy exclusion, Travelers is entitled to summary judgment.

## I. Undisputed Material Facts

*The Travelers' Policy*

Travelers issued an insurance contract to Plaintiff, which provided Non-Profit Management and Organization Liability insurance to Plaintiff, which is a Directors & Officers (D&O) policy, for the period from June 20, 2006 through June 20, 2008. On June 18, 2007, a Commodore Plaza townhouse owner filed a complaint in state court against Plaintiff (the

Underlying Action). The Underlying Action is styled *Neil Bacher, Trustee of the Mildred Bacher Revocable Trust v. Commodore Plaza Condominium Association, Inc.*, Case No. 07-18521 CA 15. In accordance with the terms of the Travelers' D&O Policy (the Policy), Plaintiff notified Travelers of the complaint in the Underlying Action and requested that Travelers defend the Underlying Action. On July 26, 2007, Travelers denied coverage under the Policy and refused to provide a defense for Plaintiff.

On December 21, 2010, an amended complaint was filed against Plaintiff in the Underlying Action. Plaintiff notified Travelers of the amended complaint and again requested that Travelers defend Plaintiff in the Underlying Action. On April 29, 2011, Travelers denied coverage and refused to provide Plaintiff with a defense in the Underlying Action. Plaintiff subsequently filed this action for breach of contract against Travelers.[1]

The Policy issued by Travelers contains the following exclusion from coverage:

Section IV- EXCLUSIONS

The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any of the Insureds.

> 1. for or arising out of any damage, destruction, loss of use or deterioration of any tangible property including, without limitation, construction defects, whether or not as a result of faulty or incorrect design or architectural plans, improper soil testing, inadequate or insufficient protection from soil and/or ground water movement, soil subsidence, mold, toxic mold, spores, mildew, fungus or wet or dry rot, or the supervision of actual construction, manufacturing or assembly of any tangible property . . .

*See* DE-18-4.

---

[1]QBE Insurance Corporation, which issued a General Commercial Liability Insurance policy to Plaintiff, is also a Defendant in this action based on a similar set of demands to defend and denials of coverage. Those facts, however, are not relevant to the instant action.

*The Underlying Action*

The Amended Complaint in the Underlying Action [DE-18-3] alleges claims for (1) negligence; (2) violation of § 553.84, Florida Statutes; (3) breach of contract; and (4) breach of fiduciary duty. More specifically, the amended complaint in the Underlying Action alleges that the plaintiff Trust (Bacher) is an owner of a townhouse within the Commodore Plaza Condominium Association (Plaintiff). On October 24, 2005, Hurricane Wilma struck south Florida and damaged portions of Bacher's townhouse roof, windows, and screens. Plaintiff sent workers into the Bacher Townhouse and caused additional damages. Plaintiff also failed to keep the Bacher Townhouse clean and sanitary and dropped debris inside the Bacher Townhouse causing damage. These actions caused damages to the walls, ceilings, and roof. These actions, along with inadequate extermination, caused a rodent infestation in the Bacher Townhouse. Plaintiff failed to install roof tarps in a timely and proper manner resulting in additional water and mold damage to the Bacher Townhouse and personal property. Plaintiff failed to obtain proper permits for the demolition and repair work it was performing and, as a result, the City of Aventura posted one or more Stop Work Orders. On May 25, 2006, the Florida Department of Environmental Protection issued a cease and desist order because workers Plaintiff hired were removing asbestos containing materials improperly and without the proper qualifications, licenses, and permits. The Department of Environmental Management also cited Plaintiff for issues involving asbestos removal. In addition, Plaintiff failed to provide adequate security, resulting in unauthorized entries into the Bacher Townhouse.

Plaintiff, pursuant to the Declaration of Condominium of Commodore Plaza (Declaration), had a duty to perform reconstruction and repairs in accordance with the original

building's plans and specifications; had a duty to not interfere with the peaceful possession of the property by residents; had a duty to keep all parts of the Condominium clean and sanitary; had a duty to follow all laws, zoning ordinances and regulations; and had a duty to meet governmental requirements for maintenance, modification, or repair of the condominium, including the Florida Building Code. Bacher alleges that Plaintiff failed to complete its maintenance, repair, reconstruction, and replacement obligations under the Declaration with respect to the Bacher Townhouse. The Amended Complaint then lists thirty-six ways in which Plaintiff failed to complete its maintenance, repair, reconstruction, and replacement obligations.

Bacher's negligence count alleges that Plaintiff failed to use reasonable care with regard to the repairs to the Bacher Townhouse. The next count alleges that Plaintiff violated the Florida Building Code by not making an application to the proper building officials before starting repairs, not obtaining all required permits, not performing the repairs, and not performing the repairs in accordance with construction industry standards. Bacher's breach of contract claim alleges that Plaintiff beached the Declaration by failing to fulfill its maintenance, repair, and restoration obligations under the Declaration. Bacher's final claim, for breach of fiduciary duty, alleges that Plaintiff, by virtue of the Declaration and the Association powers, has fiduciary obligations to Bacher, which Plaintiff breached by failing to properly perform its obligations under the Declaration.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party

4

demonstrates the absence of a genuine issue of material fact, the non-moving party must "come

forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The

Court must view the record and all factual inferences therefrom in the light most favorable to the

non-moving party and decide whether "'the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477

U.S. at 251-52)).

     In opposing a motion for summary judgment, the non-moving party may not rely solely

on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and

admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P.

56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of

evidence supporting the opposing party's position will not suffice; instead, there must be a

sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252;

*see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

## III. Discussion

     Travelers moves for summary judgment because, based on the Policy exclusion, it has no

obligation to defend Plaintiff. Travelers argues that the entire Bacher complaint arises from the

damages, destruction, loss of use, or deterioration of the Bacher Townhouse as a result of

Hurricane Wilma. The Policy exclusion specifically excludes coverage for any claim "for or

arising out of any damage, destruction, loss of use or deterioration of any tangible property." In

response, Plaintiff asserts that only part of the Bacher complaint arises from Hurricane Wilma

damages. Plaintiff points to allegations in the Bacher Amended Complaint that Plaintiff failed to

provide adequate extermination and rodent control; failed to keep all parts of the Condominium clean and sanitary; interfered with the peaceful possession and proper use of the property; failed to provide adequate security; failed to follow all valid laws, zoning ordinances, and regulations; hired unlicensed and unqualified workers; failed to perform repairs in accordance with the Florida Building Code; breached its duties to Bacher by delaying commencement and completion of repairs to the townhouse; failed to perform maintenance, repair, and replacement work as obligated under the Declaration, allowed unauthorized persons in the Bacher Townhouse, failed to obtain proper permits; and had work performed by unlicensed and unqualified contractors. Plaintiff argues that the statutory violations depend solely on whether the violations were committed, not the reason why the work was commenced. Thus, Plaintiff maintains that the Policy exclusion does not apply because some damages alleged in the Bacher Amended Complaint are not covered by the exclusion.

An insurer's duty to defend against a legal action arises from the allegations in the underlying complaint. *Higgins v. State Farm Fire & Casualty Co.*, 894 So. 2d 5, 10 (Fla. 2004).[2] When an amended compliant supercedes an earlier one, the allegations in the amended complaint control the duty to defend. *SM Brickell Limited Partnership v. St. Paul Fire & Marine Insurance Co.*, 786 So. 2d 1204, 1206 (3d DCA 2001). Thus, if the allegations in the underlying amended complaint do not bring the claim within the coverage of the policy, the insurance company does not have a duty to defend. *Auto-Owners Insurance Co. v. Marvin Development Corp.*, 805 So. 2d 888, 891 (Fla. 2d DCA 2001). If there is no duty to defend, there is no corresponding duty to indemnify because the duty to indemnify is narrower than the duty to defend. *Essex Insurance*

---

[2]Because this case is before the Court on diversity grounds, Florida substantive law applies. *American United Life Insurance Co. v. Martinez*, 480 F.3d 1043, 1059 (11th Cir. 2007).

*Co. v. Big Top of Tampa, Inc.*, 53 So. 3d 1224 (Fla. 2d DCA 2011). However, any doubt about

the duty to defend must be resolved in favor of the insured. *Amerisure Insurance Co. v. Gold*

*Coast Marine Distributors, Inc.*, 771 So. 2d 579, 580-81 (Fla. 4th DCA 2000).

Based on the Amended Complaint in the Underlying Action, all of the complained of

actions arose after the Bacher Townhouse sustained damages in Hurricane Wilma. Thus, the

issue before the Court appears to be the definition of "arising out of" in the Policy exclusion.

The Florida Supreme Court has held that the term "arising out of" should be interpreted broadly

and means "originating from," "having its origin in," "growing out of," "flowing from,"

"incident to" or "having a connection with." *Taurus Holdings, Inc. v. U.S. Fidelity & Guaranty*

*Co.*, 913 So. 2d 528, 539 (Fla. 2005) (defining term in a products-completed operations hazard

exclusion); *see also Eastpointe Condominium I Association, Inc. v. Travelers Casualty & Surety*

*Co. of America*, 379 Fed. App'x 906, 908 (11th Cir. 2010) (defining term as used in the same

property damage exclusion at issue in the instant case); *First Specialty Insurance Corp. v. 633*

*Partners, Ltd.*, 300 Fed. App'x 777, 783 (11th Cir. 2008) (citing definition in *Taurus Holdings*).

Under this definition, there must be some causal connection between the conduct and the injury,

but proximate cause is not required. *Taurus*, 913 So. 2d at 539. Based on the broad definition of

the term "arising out of" and the allegations in the Bacher Amended Complaint, the Policy

exclusion applies.

While Plaintiff argues that some of Bacher's claims are wholly independent from any

allegations of property damage, reading the Bacher Amended Complaint as a whole leads to the

opposite conclusion. Quite simply, all of the complained of actions in the Bacher complaint

flowed from the property damage. The alleged failures of Plaintiff to provide adequate

extermination and rodent control; to keep all parts of the Condominium clean and sanitary; to

allow peaceful possession and proper use of the property; to provide adequate security; to follow all valid laws, zoning ordinances, and regulations; to perform repairs in accordance with the Florida Building Code; to timely commence and complete repairs to the townhouse; to perform maintenance, repair, and replacement work as obligated under the Declaration; to prevent unauthorized persons from entering the Bacher Townhouse; to  obtain proper permits; and to have work performed by licensed and qualified contractors all occurred because of the property damage caused by Hurricane Wilma.  Had there been no property damage there would not have been a need for repairs, a need to hire qualified workers, a need to obtain permits, a need to follow the Florida Building Code and zoning ordinances, or a need to timely complete repairs. Additionally, reading the Bacher Amended Complaint as a whole the rodent and sanitation issues also arose because of the work being done to repair the property damage.  Thus, all of the claims in the Bacher Amended Complaint flow from, grow out of, and have their origin in the property damage.

Plaintiff further argues that the fact that the work that was done "may have been done 'to repair property damage' is *irrelevant* to the success of Bacher's claim because the reason for the work is not the *basis* of the claim – the basis for the claims were the various alleged *statutory violations*, not property damage." DE-23 at 9 (emphasis in original).  While Plaintiff is correct that the basis of some claims are statutory violations, that does not change the fact that the statutory violations would not have occurred but for the need to repair the property damage. Thus, the statutory violations "arise out of" the property damage.  Consequently, the fact that the work was done to repair property damage is relevant.

Plaintiff's reliance on *State National Insurance Co. v. White*, 2012 WL 2864413 (11th Cir. 2012) is misplaced.  Plaintiff asserts that *State National* requires a narrower reading of the

8

"arising out of" language.  However, it does not.  In *State National*, the same set of facts gave rise to violations of a state statute and the U.S. Constitution.  The policy at issue contained an exclusion for claims "arising from the willful violation of any statute, ordinance or regulation." *Id.* at 437.  The Eleventh Circuit held that the Constitutional violations did not arise from the state statute violations just because both violations were premised on the same set of facts.  *Id.* at 438.  Such is not the situation here.  Here all of Bacher's claims arise from the fact that the Bacher townhouse suffered property damage.  Thus, the very fact that is the basis of the Policy exclusion, property damage, is also the basis from which all of Bacher's claims arise.  This is different from that circumstances in *State National* where the facts which gave rise to the claims were not part of the policy exclusion; the policy exclusion simply excluded certain types of claims.  Thus, *State National* is inapposite.

Finally, Plaintiff argues that the property damage does not form the basis of all of Bacher's claims and for those claims for which property damage is not a basis the Policy exclusion does not apply.  *See* DE-23 at 7-10.  More specifically, Plaintiff contends that many of the allegations in the Bacher Amended Complaint do not depend on the existence of property damage, the statutory claims in the Bacher Amended Complaint are wholly independent from any allegations of property damage, and the Policy acknowledges that a statutory claim is separate and distinct from a claim arising out of property damage.  However, Plaintiff is using its own interpretation of the phrase "arising out of."  The Eleventh Circuit dismissed this interpretation of the phrase in *Eastpointe* when it held that "we are not persuaded by Eastpointe's attempt to differentiate between losses originating from property damage, and losses originating from breaches of fiduciary duty that ultimately result in property damage." *Eastpointe*, 379 Fed.

App'x at 908.  Consequently, the Policy exclusion applies to all of Bacher's claims and Travelers is entitled to summary judgment.

Accordingly, it is

ORDERED that.

1.  Plaintiff's Motion for Final Summary Judgment [DE-25] is GRANTED.

2.  The Court will enter a separate final judgment in favor of Travelers.

DONE and ORDERED in Miami, Florida, this _14_ day of January, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record

10